IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERSIAH M. TAYLOR

    Petitioner,

v.                                             Case No. 5:23-cv-200/MW/MAL

UNITED STATES OF AMERICA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner a federal inmate currently incarcerated at FCC Pollock, in Pollock, Lousianna, has filed a pleading titled "Petition for Writ. Habe. Corp. (Pursuant to App. R. Habe. Proc.)." ECF No. 1. In 2014, a jury sitting in this court convicted Petitioner of 45 counts involving fraud. *See* Case 5:13cr13/MAW, ECF No. 192. He was sentenced to a total term of 264 months' imprisonment, which was affirmed on appeal. *Id.,* ECF No. 192, 288. In 2018 he filed a motion under 28 U.S.C. § 2255, which the district court denied. ECF Nos. 351, 388, 405. The Eleventh Circuit denied his request for a certificate of appealability, and the Supreme Court denied certiorari on February 21, 2023. ECF Nos. 425, 428.

Because Petitioner referenced "habeas corpus" in the style of his recently filed pleading, the clerk was instructed to docket the submission as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner neither mentions this statute

in his submission, nor cites another jurisdictional basis for his claims. However, he appears to challenge his conviction and sentence. Such claims typically arise under 28 U.S.C. § 2255, and less frequently under 28 U.S.C. § 2241.

To the extent Petitioner seeks relief under 28 U.S.C. § 2255, his claim was properly presented in the district of conviction, albeit not on the proper court form, which is required for litigants pursuing such relief in this court. *See* Rule 5.7(A) of the Local Rules for the Northern District of Florida. As noted above, however, he has previously pursued § 2255 relief. Before a federal prisoner may file a second or successive § 2255 motion, he must ordinarily first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021). Without such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *Armstrong*, 986 F.3d at 1348 (if a movant fails to obtain authorization, the district court must dismiss a second or successive § 2255 motion for lack of jurisdiction); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). If Petitioner wishes to pursue § 2255 relief, he should seek leave from the Eleventh Circuit to file a second or successive motion, as appropriate, and he must fully and completely fill out and submit this court's § 2255 form.

In limited instances, a Petitioner may challenge matters relating to his conviction and sentence via 28 U.S.C. § 2241. Such a challenge must be brought in the district of Petitioner's confinement, naming his custodian as the Respondent. If Petitioner wishes to pursue relief under this statute, he should file the appropriate petition in the Western District of Louisiana where he is currently incarcerated, on the form provided by that court.

No relief can be granted in the instant case, and as such it should be dismissed so Petitioner can pursue appropriate relief in the correct forum.[1]

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's "Petition for Writ. Habe. Corp." construed as a petition under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on July 26, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

---

[1] The court declines to recommend the "petition for writ of habeas corpus" be transferred to the district of Petitioner's confinement as it is not clear he relies on § 2241 as the basis for relief.

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.